51 P.3d 828 (2002)
STATE of Washington, Respondent,
v.
Jeffrey Rosander SIMMONS, Appellant.
No. 27513-9-II.
Court of Appeals of Washington, Division 2.
August 9, 2002.
J. Andrew Toynbee, Dpty Pros Attorney, Chehalis, WA, for Respondent.
Jodi R. Backlund, Manek Mistry, Chehalis, WA, for Appellant.
HUNT, C.J.
Jeffrey Rosander Simmons appeals his forgery conviction, arguing that there was insufficient evidence of "intent to injure" and, therefore, it was reversible error to have charged alternative means of committing the forgery. We hold that within the context of this case, intent to injure and intent to defraud are not alternative means but, rather, describe the same facts and mental state, sufficient to support the conviction. We affirm.

FACTS
Simmons was detained in the Forks Jail, Clallam County. While in the booking area, he noticed that another man being booked had ripped up a twenty-dollar bill and thrown it into a wastebasket. Simmons retrieved the bill and taped it back together, but he did not turn it over to authorities. Instead, he kept the reconstructed bill and, together with *829 another twenty-dollar bill, placed it with his personal property.[1]
Three or four months later, Simmons was transported to the Lewis County Jail. When transport staff Brian Bradford began to issue a receipt for Simmons' money transferred by check from the jail in Forks, Simmons indicated that he had another forty dollars among his papers in his personal property.[2] Simmons retrieved the two twenty-dollar bills, with the reconstructed bill folded into the second bill, and handed them to Bradford. Bradford separated them just far enough to see that there were two twenty-dollar bills, then placed them in an envelope and listed them along with the check from the Forks Jail.
Jennifer Teitzel processes deposits to inmate accounts. She received Simmons' envelope. When she unfolded the bills, she looked at the torn bill that had been taped back together, thought "the color seemed off,... felt like tape on the front and back," saw that there was not any tape on the back of the bill, tested the bill with a "counterfeit pen," and reported it to her supervisor. Report of Proceedings (RP) at 26. Expert analysis later confirmed that the bill was counterfeit.
The State charged Simmons with forgery. At trial, Simmons testified that he did not know that the bill was counterfeit. At the end of the trial, the court asked for Simmons' objections to the court's proposed instructions and his exceptions to those instructions he had proposed but the court declined to give. Simmons' counsel stated that he had no objections to the jury instructions. The jury found him guilty.

ANALYSIS
Washington's forgery statute provides in pertinent part:
(1) A person is guilty of forgery if, with intent to injure or defraud:

(a) He falsely makes, completes, or alters a written instrument or;
(b) He possesses, utters, offers, disposes of, or puts off as true a written instrument which he knows to be forged.
RCW 9A.60.020(1) (emphasis added). Subsections (a) and (b) of RCW 9A.60.020(1) identify alternative means of committing forgery, differentiating between the creation of a forged instrument and passing it off to another as valid. See, e.g., State v. Bray, 52 Wash.App. 30, 756 P.2d 1332 (1988).
But Simmons seeks to establish additional alternative means beyond those described above: He argues that the phrase "intent to injure or defraud," in the first sentence of RCW 9A.60.020(1), creates another layer of alternative means of committing forgery and that the court erred when it did not instruct the jury that it must unanimously agree on whether Simmons intended "to injure" or "to defraud."[3] We disagree.
Our statute employs, disjunctively, the words "injure `or' defraud," but it does not define these words. Absent ambiguity or a statutory definition, we give words in a statute their common and ordinary meaning. Lacey Nursing Ctr. v. Dep't of Revenue, 103 Wash.App. 169, 11 P.3d 839 (2000), review denied, 144 Wash.2d 1008, 29 P.3d 719 (2001). "Defraud" means "[t]o cause injury or loss to... by deceit." BLACK'S LAW DICTIONARY, 434 (7th ed.1999). The relevant definition of "injure" means "to inflict material damage or *830 loss on." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1164 (1969).
Nothing suggests that in employing the verb "injure," the Legislature intended to express more or less than the injury implied in the verb "defraud." In this forgery case, the sole "injury" was that caused by Simmons' "deception"; thus, "injure" is subsumed in "defraud." We hold, therefore, that intent to injure and intent to defraud are not alternative means of committing forgery.

I. SUFFICIENT EVIDENCE TO SUPPORT INTENT BOTH TO DEFRAUD AND TO INJURE
Even if "intent to injure" and "intent to defraud" were alternative means of committing forgery, substantial evidence supports both means here. Simmons concedes that there is sufficient circumstantial evidence that he intended to defraud. He challenges the sufficiency of the evidence only of his intent to injure.
Evidence is sufficient if it is adequate to justify a rational trier of fact's finding of guilt beyond a reasonable doubt. State v. Ortega-Martinez, 124 Wash.2d 702, 708, 881 P.2d 231 (1994). On appeal, we view the evidence in a light most favorable to the State to determine whether any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. Ortega-Martinez, 124 Wash.2d at 708, 881 P.2d 231. We so find here.
Given the above definitions of "defraud" and "injure," if the evidence supports Simmons' intent to defraud, it necessarily supports his intent to injure because these words are employed in the same sense. Here, the only injury that Simmons inflicted was fraudthe monetary deception that he imposed on the jail's account for his available cash, from which he could make purchases from the jail's commissary.
Given Simmons' stipulation that there was sufficient evidence of his intent to defraud, it follows that there was also sufficient evidence of his intent to injure. Moreover, even aside from this stipulation, the evidence was sufficient to support the jury's verdict.

II. ATTORNEY FEES AND COSTS
We agree with the State that Simmons should pay the costs of this appeal, including the costs of reproducing briefs, verbatim transcripts, and clerk's papers; the filing fee; and the State's statutory attorney fees and fees for appointed counsel. RAP 14.2 and 14.3, and RCW 10.73.160. See also State v. Blank, 131 Wash.2d 230, 930 P.2d 1213 (1997) (finding RCW 10.73.160 constitutional and affirming that an appellate court may order convicted indigent defendants to pay appellate costs, including the fees for appointed counsel).
Affirmed.
We concur: SEINFELD and HOUGHTON, JJ.
NOTES
[1] The jail collects all money belonging to an inmate and deposits them into an account for that inmate. An inmate may then use these funds to purchase items from the jail commissary.
[2] Funds from Simmons' inmate account (47 cents) were transferred by check. Bradford testified at trial that it is jail policy to put any cash held by an inmate into that inmate's jail account.
[3] Here, the trial court instructed the jury on only the means stated in section (1), subsection (b):

A person commits the crime of forgery when, with intent to injure or defraud, he or she possesses, utters, offers, disposes of or puts off as true, a written instrument which he or she knows to be forged.
Jury Instruction No. 7, Supplemental Clerk's Papers at 26.
The record does not show that Simmons either requested a special verdict or objected to the instructions given or omitted by the court, and he does not directly challenge the instructions on appeal. Rather, he frames the issue as one of insufficient evidence to support an alternative means where the jury returned a general verdict.